Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE:     **Kathy B Vines**

| | |
|---|---|
| Case No.: | 16-27243 |
| Judge: | JNP |
| Chapter: | 13 |

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original        ☑ Modified/Notice Required        ☑ Discharge Sought
☐ Motions Included        ☐ Modified/No Notice Required        ☐ No Discharge Sought

Date:

### THE DEBTOR HAS FILED FOR RELIEF UNDER
### CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS WILL BE AFFECTED.

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

### YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
### IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
### THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM

## Part 1:  Payment and Length of Plan

      a.  The Debtor shall pay  **1447.00  Monthly**  to the Chapter 13 Trustee, starting on 6/1/2017___ for approximately 52 months for a total of 60 months .

      b.  The Debtor shall make plan payments to the Trustee from the following sources:
            ☑    Future Earnings
            ☐    Other sources of funding (describe source, amount and date when funds are available):

Software Copyright (c) 1996-2016 Best Case LLC - www.bestcase.com
Best Case Bankruptcy

   c.  Use of real property to satisfy plan obligations:

      ☐   Sale of real property
          Description:
          Proposed date for completion:

      ☐   Refinance of real property
          Description:
          Proposed date for completion:

      ☐   Loan modification with respect to mortgage encumbering property
          Description:
          Proposed date for completion:

   d.   ☐   The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

   e.   ☐   Other information that may be important relating to the payment and length of plan:

## Part 2:  Adequate Protection

    a.  Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b.  Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

## Part 3:  Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Thomas E. Dowey, Esq | Attorneys Fees | 1810.00 |
| Internal Revenue Service | Taxes | 440.21 |
| State of New Jersey Dept of Labor | Unemployment Over pay | 3145.60 |
| KML Law Group | Attorney Fees and Cost | 531.00 |

## Part 4: Secured Claims

### a.  Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| PNC Bank | 11 Ravenwood  Dr. Egg Harbor Township, N.J. | 65,975.00 | 0 | 55,975.00 | 1699.00 |
| PNC Banjk | | PosPet$4743.20 | 0 | Post pet$4743.20 | |

### b.  Modification

2

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|----------|-----------|----------------|------------------------|----------------|------------------------------------------|----------------------|-------------------------|
| None | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender
Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|----------|------------------------------|---------------------------------|--------------------------|
| -NONE- | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

| Creditor |
|----------|
| -NONE- |

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|----------|-----------|------------------------------------------|
| -NONE- | | |

## Part 5:  Unsecured Claims

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

  Not less than $____ to be distributed *pro rata*

____  Not less than ___ percent

__X__  *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|----------|-----------------------------------|-----------|-------------------|
| -NONE- | | | |

## Part 6:  Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|----------|----------------------------|---------------------|
| -NONE- | | |

3

## Part 7:  Motions

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.

a.  **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

b.  **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

c.  **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|

## Part 8:  Other Plan Provisions

a.  **Vesting of Property of the Estate**
- ✔ Upon Confirmation
- Upon Discharge

b.  **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c.  **Order of Distribution**

The Trustee shall pay allowed claims in the following order:
1) Trustee Commissions
2) Other Administrative Claims

4

|   |   |
|---|---|
| 3) | Secured Claims |
| 4) | Lease Arrearages |
| 5) | Priority Claims |
| 6) | General Unsecured Claims |

**d. Post-petition claims**

The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 :  Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:_____.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
|  | Put the post petition mortgage arrears in plan. |
| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes          ☐ No |

## Part 10:  Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date      **August 18, 2016**          /s/ Thomas E. Dowey Esq.
                                        Thomas E. Dowey Esq.
                                        Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:   **August 18, 2016**            /s/ Kathy B Vines
                                        Kathy B Vines
                                        Debtor

Date:

                                        Joint Debtor

5

Software Copyright (c) 1996-2016 Best Case, LLC   www.bestcase.com                                    Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 16-27243-JNP
Kathy B Vines                                                   Chapter 13
            Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-1          User: admin           Page 1 of 1          Date Rcvd: Jun 07, 2017
                             Form ID: pdf901         Total Noticed: 18

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 09, 2017.
db          +Kathy B Vines,    11 Ravenwood Drive,    Egg Harbor Township, NJ 08234-6521
516381933   +Apex Asset Management, LLC,    2501 Oregon Pike Ste. 102,    Lancaster, PA 17601-4890
516381934   +Atlantic Medical Imaging, LLC,    P.O. Box 1564,    Indianapolis, IN 46206-1564
516381935    Capital One,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
516381936   +Charles Vines,    11 Ravenwood Dr.,    Egg Harbor Township, NJ 08234-6521
516381938   +Horizon Eye Care,    2401 Bay Avenue,    Ocean City, NJ 08226-2456
516381939   +PNC Mortgage,    P.O. Box 1820,    Dayton, OH 45401-1820
516588839   +PNC Mortgage, a division of PNC Bank, NA,    Attn: Bankrupty,    3232 Newmark Drive,
             Miamisburg, OH 45342-5421
516381940   +ProCo,    P.O. Box 2462,    Aston, PA 19014-0462
516381941   +Recon Ortho Associates II PC,    P.O. Box 757910,    Philadelphia, PA 19175-7910
516381943   +Rickart Collection Systems, Inc.,    575 Milltown Rd.,    P.O. Box 7242,
             North Brunswick, NJ 08902-7242
516381944   +Rothman Institute,    925 Chestnut Street,    Philadelphia, PA 19107-4290
516381945   +State of NJ Dept of Labor and Workforce,    P.O. Box 951,    Trenton, NJ 08625-0951

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Jun 07 2017 22:33:42    U.S. Attorney,    970 Broad St.,
             Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jun 07 2017 22:33:39    United States Trustee,
             Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
             Newark, NJ 07102-5235
516381937    E-mail/Text: cio.bncmail@irs.gov Jun 07 2017 22:33:13    Department of the Treasury,
             Internal Revenue Service,    Fresno, CA 93888
516580286    E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 07 2017 22:35:47
             Portfolio Recovery Associates, LLC,    C/O capital One, N.a.,    POB 41067,    Norfolk VA 23541
516387479    E-mail/PDF: gecsedi@recoverycorp.com Jun 07 2017 22:35:28    Synchrony Bank,
             c/o of Recovery Management Systems Corp,    25 S.E. 2nd Avenue, Suite 1120,
             Miami, FL 33131-1605
                                                                                       TOTAL: 5

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
516409712*   Internal Revenue Service,    PO Box 7346,    Philadelphia, PA 19101-7346
516381942*  +Recon Ortho Associates II PC,    P.O. Box 757910,    Philadelphia, PA 19175-7910
                                                                            TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 09, 2017                      Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 6, 2017 at the address(es) listed below:
              Denise E. Carlon   on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION dcarlon@kmllawgroup.com,
                bkgroup@kmllawgroup.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
                summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com,    summarymail@standingtrustee.com
              Thomas E. Dowey    on behalf of Debtor Kathy B Vines tdesquire@hotmail.com
                                                                                  TOTAL: 4